UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60700-RUIZ/STRAUSS

ETHALBERT K. BROWN,

     Plaintiff,

v.

CITY OF FORT LAUDERDALE,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Defendant's Motion for Summary Judgment ("Motion") [DE 37].  The Motion has been referred to me to take all action as required by law [DE 41].  I have reviewed the Motion, the Response [DE 39] and Reply [DE 40] thereto, all other summary judgment materials, and all other pertinent portions of the record.  For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion [DE 37] be **GRANTED**.[1]

## BACKGROUND

### I.    COMPLAINT & EEOC CHARGE

In this action, Plaintiff, a black male born in Jamaica, brings two claims.  Count I alleges race and/or national origin discrimination under the Florida Civil Rights Act ("FCRA").  The allegations relate to Plaintiff's 2018 work performance evaluation.  Specifically, Plaintiff alleges that subjective factors were used to evaluate him and that he was denied a hearing and due process after appealing the result of his performance evaluation.  Complaint ¶¶ 19-20.  He also alleges that

---

[1] I also recommend that Defendant's Motion to Strike [DE 43], which seeks to strike Plaintiff's untimely supplemental response/sur-reply [DE 42], be **DENIED as moot**.

he receives less compensation than his white counterparts as a result of the performance evaluation. *Id.* ¶ 18.  Count II is a broader claim under Title VII of the Civil Rights Act of 1964 ("Title VII") and the FCRA.  It is not limited to the allegations surrounding the 2018 performance evaluation. Instead, Count II generally alleges that Plaintiff was subject to "discrimination, harassment, hostility, and humiliation" by supervisory personnel on the basis of race and/or national origin. *Id.* ¶ 26.  As a result, Plaintiff generally alleges, *inter alia*, that he has lost wages and unspecified opportunities.  *Id.* ¶ 28.

Prior to commencing this action, Plaintiff filed a Charge of Discrimination ("Charge") [DE 38-11] with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission ("EEOC").  The Charge sets forth a more detailed version of the alleged facts related to Plaintiff's 2018 evaluation (the subject of Count I of the Complaint).  It alleges that the subject discrimination occurred between February 3, 2019 and August 28, 2019.

## II.    DEFENDANT'S STATEMENT OF FACTS

### A.  Facts Supported by Record Deemed Admitted

I have reviewed Defendant's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment ("SOF") [DE 38].  Although Plaintiff filed a response to the Motion (albeit one that does not address the arguments raised in the Motion), he did not file a response to the SOF in accordance with Local Rule 56.1 and has not filed any other paper that expressly admits or disputes the statements in the SOF.[2]  However, I have cross-checked the statements made in the SOF with the record.  With a couple potential minor immaterial exceptions, I find that the

---

[2] *See* S.D. Fla. L.R. 56.1(a)(2) ("An opponent's Statement of Material Facts shall clearly challenge any purportedly material fact asserted by the movant that the opponent contends is genuinely in dispute. An opponent's Statement of Material Facts also may thereafter assert additional material facts that the opponent contends serve to defeat the motion for summary judgment."); S.D. Fla. L.R. 56.1(b)(2) (setting forth various requirements for an opposing statement of material facts).

2

statements are supported by the record.[3]  Therefore, excluding those potential exceptions, I find

that the facts in the SOF are deemed admitted in accordance with Local Rule 56.1(c).  Notably,

although Plaintiff is *pro se*, he was previously ordered to comply with the Federal Rules of Civil

Procedure and the Local Rules.  *See* Order Providing Instructions to *Pro Se* Litigant [DE 3].  *See*

*also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that

procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those

who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)

("[A]lthough [courts] are to give liberal construction to the pleadings of pro se litigants, '[courts]

nevertheless have required them to conform to procedural rules.'" (citing *Loren v. Sasser*, 309 F.3d

1296, 1304 (11th Cir. 2002))).

### B.  Summary of Facts

Plaintiff began working for Defendant's Public Works Department as a Utilities Mechanic

I in 1989.  SOF ¶ 2.  In 2006, his position was reallocated upward to Utilities Mechanic II.  *Id.* ¶

3.  Then, in November 2018, Plaintiff was reclassified to a Senior Utilities Mechanic position.  *Id.*

¶ 4.  His duties and salary remained the same, but the reclassification allowed for future salary

increases that were unavailable for a Utilities Mechanic II.  *See id.* ¶ 5; [DE 38-3].

During his employment with Defendant, Plaintiff and other employees received annual

performance evaluations.  SOF ¶ 7.  Performance evaluations contain various rating factors

including attitude, initiative, quality of work, and work habits.  *Id.*  For each factor, an employee's

immediate supervisor provides a rating of unsatisfactory, marginal, satisfactory, above

---

[3] Arguably, the last sentence of paragraph 15 and the last sentence of paragraph 35, while not clearly incorrect, somewhat loosely summarize Plaintiff's deposition testimony.  Also, paragraph 26 indicates the EEOC dismissed the Charge.  While it seems likely the Charge was dismissed, Plaintiff only testified he thought the charge was dismissed.  Otherwise, all other facts in the SOF appear to have adequate support.

satisfactory, or outstanding. *Id.* The ratings are then reviewed by the next highest supervisor. *Id.* Department heads then conduct a final review, after which evaluations are submitted to human resources, which applies uniform, pre-determined statistical weights to ratings to determine an employee's overall rating. *Id.*

From 2013 through 2017, the ratings Plaintiff's supervisor, Judson Hopping ("Hopping"), assigned to Plaintiff resulted in an overall rating of "above satisfactory." *Id.* ¶ 8. However, Plaintiff received an overall rating of "satisfactory" in his 2018 evaluation (covering December 16, 2017 through December 15, 2018). *Id.* ¶ 9. Though Hopping noted Plaintiff's outstanding attendance record, he also noted dependability issues – specifically, issues with Plaintiff not answering radio calls. *Id.* ¶ 10. Because of Plaintiff's "satisfactory" rating, he only received a 1.5% merit raise (as opposed to the 3% raise he would have received with a higher rating). *Id.* ¶¶ 11-13.

Plaintiff returned his 2018 evaluation without signing it. Instead, he attempted to appeal even though he was not permitted to do so under the applicable collective bargaining agreement. *Id.* ¶ 14. Nevertheless, the Assistant Public Works Director of Utilities requested that a new evaluation with written justifications for rating factors be completed. *Id.* ¶ 18. Consequently, Hopping completed new evaluations of Plaintiff in June and August 2019. *Id.* ¶ 19. All ratings, however, remained the same – though, written justifications were added. *Id.* ¶ 20. Hopping noted a decline in the quantity of Plaintiff's work, attitude issues, and issues with work habits and dependability, explaining that Plaintiff rarely answered calls (by radio or phone) and would leave his assigned work area despite being warned not to do so. *Id.* Another individual who supervised Plaintiff during the last 4 months of 2018 had also expressed some concerns regarding Plaintiff,

providing an example of one day in November 2018 where Plaintiff failed to respond to attempts to reach him during work hours that day. *Id. See also* [DE 38-8] at p. 6.

Hopping attests that he evaluated Plaintiff in the same manner he evaluated other mechanics – "based on his consideration of observable, relevant, and specific elements" of their jobs. SOF ¶ 15. It was not customary or required for supervisors to establish measurable achievement standards. *Id.* Although Plaintiff believed that Hopping unfairly evaluated him based upon Plaintiff's race and Hopping's alleged bias, Plaintiff could not explain how any particular rating factor evidenced or resulted from any bias. *See id.* ¶ 16; Deposition of Ethalbert Brown ("PL Depo.") [DE 38-1] at p. 160. Plaintiff also did not know whether black employees were evaluated any differently than non-black employees. SOF ¶ 17. In fact, he testified that he was not privy to evaluations of other employees or to whether other employees were denied meetings regarding their evaluations. PL Depo. at pp. 51-54.

## LEGAL STANDARD

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1313 (11th Cir. 2007) (citing *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir.1996)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1311 (11th Cir. 2018) (internal quotation marks omitted) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Initially, it is the moving party's "burden to demonstrate the basis for its motion, and [it] must identify the portions of the record 'which it believes demonstrates the absence of a genuine issue of material fact.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The movant may meet this burden by demonstrating that the nonmoving party has failed to present sufficient evidence to support an essential element of the case." *Id.* (citing *Celotex*, 477 U.S. at 322-23). *See also Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (The movant may satisfy its burden "by 'showing' or 'pointing out' to the Court that there is an absence of evidence to support the non-moving party's case." (citing *Celotex*, 477 U.S. at 325)). Provided that the moving party meets its burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists. *Hornsby-Culpepper*, 906 F.3d at 1311-12.

To establish a dispute of fact sufficient to avoid the entry of summary judgment, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *A.L. ex rel. D.L. v. Walt Disney Parks & Resorts US, Inc.*, 900 F.3d 1270, 1289 (11th Cir. 2018) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "However, a mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." *Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing *Anderson*, 477 U.S. 242). Nevertheless, courts "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997) (citation omitted). Moreover, all reasonable doubts regarding

the facts must be resolved in favor of the non-moving party.  *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008) (citation omitted).[4]

## ANALYSIS

### I.      FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (AS TO COUNT II)

The allegations of Count II do not reasonably grow out of Plaintiff's EEOC Charge.  Thus, Plaintiff failed to exhaust his administrative remedies as to Count II.  Prior to commencing an action under Title VII, a plaintiff is required to exhaust his administrative remedies by filing a charge of discrimination with the EEOC.  *Hicks-Washington v. Hous. Auth. of City of Fort Lauderdale*, 803 F. App'x 295, 300 (11th Cir. 2020) (citing *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004)).[5]  Once a plaintiff does commence a Title VII action, the "complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  *Hicks-Washington*, 803 F. App'x at 301 (quoting *Gregory*, 355 F.3d at 1280).  Nevertheless, courts should not strictly interpret the scope of an EEOC charge.  *Id.* (citing *Gregory*, 355 F.3d at 1280).  "[J]udicial claims are allowed if they

---

[4] I note that Plaintiff is *pro se* and that "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Henley v. Payne*, 945 F.3d 1320, 1327 (11th Cir. 2019) (citation omitted).  Nevertheless, the Eleventh Circuit has held as follows in the context of *pro se* litigants opposing summary judgment:

> Although we must view factual inferences favorably toward the nonmoving party and pro se complaints are entitled to a liberal interpretation by the courts, we hold that a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment.

*Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990) (citations omitted).

[5] This is not a jurisdictional requirement.  *See Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1850 (2019) ("Title VII's charge-filing requirement is not of jurisdictional cast.").  Accordingly, a plaintiff's failure to comply with the requirement does not deprive a court of subject matter jurisdiction.

'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint, but . . . allegations of new acts of discrimination are inappropriate." *Id.* (quoting *Gregory*, 355 F.3d at 1279-80).

As described above, the EEOC charge was clearly limited to the issues surrounding Plaintiff's 2018 performance evaluation and Plaintiff's attempt to appeal that evaluation thereafter. Yet the claims in Count II clearly go well beyond, and do not "grow out of" the allegations in the EEOC charge. Though the allegations of Count II are conclusory and pled in a shotgun fashion (incorporating allegations from Count I), it appears from Plaintiff's Response [DE 39] that he intended Count II to address alleged discrimination issues occurring over several decades. In particular, Plaintiff's Response discusses in detail (with similar allegations in his Complaint) how he has been denied promotional opportunities over the years. But none of those allegations, or any other factual allegations concerning issues beyond the 2018 performance evaluation, are set forth in his EEOC Charge. Even the time frame set forth in the Charge (February 3, 2019 to August 28, 2019) appears to coincide with the period during which Plaintiff received and contested his 2018 performance evaluation and follow-up evaluations. There are simply no factual allegations in the EEOC Charge that are sufficient to put Defendant on notice that Plaintiff would be raising any discrimination claims regarding circumstances beyond those surrounding the 2018 performance evaluation. *See Gaston v. Home Depot USA, Inc.*, 129 F. Supp. 2d 1355, 1365 (S.D. Fla. 2001) ("Absent some allegation of fact sufficient to put the defendant on notice of the nature and scope of the claim against it, the plaintiff is barred from asserting other types of claims in subsequent judicial proceedings that may bear some connection, however distinct, to the bare claim asserted in the EEOC charge."). Notably, Plaintiff acknowledged at his deposition that his EEOC Charge only concerned his 2018 performance evaluation. *See* SOF ¶ 26. *See also* PL Depo. at pp. 76-77 (reflecting Plaintiff's testimony that Defendant's processing of his evaluation was part of the basis

of the Charge and that the other aspect of the Charge pertained to the alleged bias of the person rating Plaintiff's evaluation). Therefore, because Count II (while conclusory) certainly appears to go well beyond the scope of the EEOC Charge,[6] Defendant must prevail on Count II.

## II.    DISCRIMINATION AS TO 2018 PERFORMANCE EVALUATION (COUNT I)

Defendant is entitled to summary judgment on Count I of the Complaint because Plaintiff has failed to present any comparator evidence or any other evidence of discrimination. "Claims under the FCRA are analyzed in the same way as Title VII claims." *Hicks-Washington*, 803 F. App'x at 300 (citing *Wilbur v. Corr. Servs. Corp.*, 393 F.3d 1192, 1195 n.1 (11th Cir. 2004)). "In order to survive summary judgment, [an employee] alleging intentional discrimination must present sufficient facts to permit a jury to rule in her favor." *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1220 (11th Cir. 2019) (en banc). The "employee must establish the employer's discriminatory intent through direct or circumstantial evidence." *Hornsby-Culpepper*, 906 F.3d at 1312. Not only has Plaintiff failed to provide any factual evidence whatsoever in connection with Defendant's Motion, even construing his Response (and sur-reply) in the most liberal manner (and as if the statements therein are sworn), Plaintiff has failed to provide any direct evidence of discrimination (especially as to his 2018 performance evaluation).[7] Nor has he provided anything

---

[6] Even if Plaintiff were to convincingly argue that Count II does not go beyond the scope (and his Response clearly indicates otherwise by providing alleged facts regarding other events), then Count II would be duplicative of Count I, on which Defendant is entitled to prevail for the reasons discussed below.

[7] Although Plaintiff has not raised this in his Response, Defendant notes that Plaintiff testified at his deposition as to one comment Hopping allegedly made in 2017 or 2018 regarding Plaintiff's national origin – "What would a Jamaican know." SOF ¶ 35. Plaintiff said Hopping made the comment when referring to a flaw in the design of a pump he was purchasing. PL Depo. at p. 57. Plaintiff did not recall whether Hopping ever made any other comments regarding Plaintiff's race or national origin. *Id.* Plaintiff also said he was not offended. *Id.* at p. 58. Regardless, assuming Hopping made the comment Plaintiff testified to, it is insufficient to establish direct evidence of discrimination. *See Gray v. Deloitte LLP*, No. 20-11185, 2021 WL 926903, at *1 (11th Cir. Mar. 11, 2021) ("Direct evidence is evidence which, if believed, would prove the existence of a fact in

within the realm of "a 'convincing mosaic' of circumstantial evidence [to] warrant[] an inference of intentional discrimination." *Lewis*, 918 F.3d at 1220 n.6. Thus, the only way Plaintiff can move forward is by satisfying the burden-shifting framework under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Lewis*, 918 F.3d at 1220. But he has clearly failed to do that as well.

In a discrimination case under Title VII, an employee proceeding under *McDonnell Douglas* has the initial burden of establishing a *prima facie* case. *Id.* To do so, the employee must show "(1) that she belongs to a protected class, (2) that she was subjected to an adverse employment action, (3) that she was qualified to perform the job in question, and (4) that her employer treated 'similarly situated' employees outside her class more favorably." *Id.* at 1220-21. If the employee "succeeds in making out a *prima facie* case, the burden shifts to the [employer] to articulate a legitimate, nondiscriminatory reason for its actions." *Id.* at 1221. Provided the employer carries its burden, the employee "must then demonstrate that the defendant's proffered reason was merely a pretext for unlawful discrimination." *Id.*

Plaintiff has failed to establish a *prima facie* case of discrimination because he has not shown that Defendant "treated 'similarly situated' employees outside [his] class more favorably." *Id.* To show that another employee is "similarly situated" such that the employee qualifies as a comparator, Plaintiff would have to show that the employee and Plaintiff are "similarly situated in all material respects." *Id.* at 1226. Ordinarily, a similarly situated comparator: (1) "will have engaged in the same basic conduct (or misconduct) as the plaintiff"; (2) "will have been subject to the same employment policy, guideline, or rule as the plaintiff"; (3) will generally "have been under the jurisdiction of the same supervisor as the plaintiff"; and (4) "will share the plaintiff's

___

issue without inference or presumption. Remarks unrelated to the decision-making process are not direct evidence of discrimination." (internal citations omitted)).

employment or disciplinary history." *Id.* at 1227-28. "In short, as its label indicates – 'all material respects' – a valid comparison will turn not on formal labels, but rather on substantive likenesses." *Id.* at 1228. Stated differently, "a plaintiff and her comparators must be sufficiently similar, in an objective sense, that they 'cannot reasonably be distinguished.'" *Id.* (citation omitted).

Here, Plaintiff has not even attempted to name any potential comparators. In his Response, Plaintiff takes issue with how evaluations are completed, contending that they are entirely subjective and not based upon any objective criteria. He also makes bald accusations of bias, but those accusations are supported by nothing more than mere supposition. There is no record evidence to establish such accusations, either directly or circumstantially. Without any such evidence of bias (direct or circumstantial), Plaintiff is plainly required to come forward with evidence of comparators outside of his class who were treated more favorably. But Plaintiff has failed to point to a single employee who may qualify as such.

Defendant, however, has provided evidence regarding other employees in Plaintiff's department who appear to satisfy the second and third comparator requirements – drawing reasonable inferences in Plaintiff's favor, the employees appear to be subject to the same rules and policies and under the same supervisor as Plaintiff. *See* SOF ¶¶ 29-34. But there is no evidence showing that any of those individuals "engaged in the same basic conduct (or misconduct) as the [P]laintiff" or that they "share the [P]laintiff's employment or disciplinary history." *Lewis*, 918 F.3d at 1227-28. Notably, discrimination "is the act of "treating *like* cases differently.'" *Id.* at 1225. While Defendant has volunteered that other employees in Plaintiff's department received a higher overall rating than Plaintiff, *see* SOF ¶¶ 29-33, it has also shown that those receiving a higher rating included the other black individuals in Plaintiff's department. More significantly, though, Defendant has pointed to an absence of evidence showing that any *like* cases were treated

differently, and Plaintiff has not come forward with any evidence in response to Defendant's Motion to show that any *similarly-situated* person outside of his protected class was treated more favorably.  Therefore, Plaintiff has failed to establish a *prima facie* case of discrimination.[8]

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the District Court **GRANT** Defendant's Motion for Summary Judgment [DE 37] and **DENY as moot** Defendant's Motion to Strike [DE 43].

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida on this 12th day of March 2021.

**Jared M. Strauss**
**United States Magistrate Judge**

---

[8] Because Plaintiff has not established a *prima facie* case of discrimination, it is not necessary to turn to the next stages of the burden-shifting framework.  Nevertheless, I note that Defendant has clearly established legitimate reasons for Plaintiff's rating of satisfactory, *see* SOF ¶¶ 10, 20, and that Plaintiff has failed to provide any evidence of pretext.