**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-60700-RAR**

**ETHALBERT K. BROWN**,

    Plaintiff,

v.

**CITY OF FORT LAUDERDALE,**

    Defendant.

_____/

**ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Jared M. Strauss's Report and Recommendation [ECF No. 44] ("Report"), entered on March 12, 2021. The Report recommends that the Court grant Defendant City of Fort Lauderdale's Motion for Summary Judgment [ECF No. 37] ("Motion"). *See* Report at 1. Specifically, Magistrate Judge Strauss recommends granting Defendant's Motion because Plaintiff has failed to establish a *prima facie* case of discrimination under the Florida Civil Rights Act and Title VII of the Civil Rights Act of 1964. *See id.* at 7-11.

The Report properly notified Plaintiff of his right to object to Magistrate Judge Strauss's conclusions, as well as the consequences for failing to object. *Id.* at 12. The time for objections has passed, and Plaintiff did not file any objections to the Report.

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). However, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation

omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Because Plaintiff has not filed an objection to the Report, the Court did not conduct a *de novo* review of Magistrate Judge Strauss's findings. Rather, the Court reviewed the Report for clear error. Finding none, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 44] is **AFFIRMED AND ADOPTED**.
2. Defendant's Motion for Summary Judgment [ECF No. 37] is **GRANTED**. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, final judgment will be entered by separate order.
3. The Clerk is directed to **CLOSE** this case and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 29th day of March, 2021.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE

cc: *Pro Se Plaintiff*
Counsel of record
Magistrate Judge Jared M. Strauss